NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1157

DURATECH INDUSTRIES INTERNATIONAL, INC.,

Plaintiff-Appellee,

v.

BRIDGEVIEW MANUFACTURING, INC.,

Defendant-Appellant.

Dennis L. Thomte, Thomte Patent Law Office LLC, of Omaha, Nebraska, argued for plaintiff-appellee. Of counsel on the brief were Dana C. Bradford, III and Justin D. Eichmann, Bradford & Coenen LLC, of Omaha, Nebraska.

Peter M. Lancaster, Dorsey & Whitney LLP, of Minneapolis, Minnesota, argued for defendant-appellant. With him on the brief was Heather D. Redmond.

Appealed from: United States District Court for the District of North Dakota

Senior Judge Rodney S. Webb

# United States Court of Appeals for the Federal Circuit

2008-1157

DURATECH INDUSTRIES INTERNATIONAL, INC.

Plaintiff-Appellee,

v.

BRIDGEVIEW MANUFACTURING, INC.

Defendant-Appellant

Appeal from the United States District Court for the District of North Dakota in Case No. 3:05-CV-90, Senior Judge Rodney S. Webb

_____

DECIDED:  September 12, 2008

_____

Before MICHEL, Chief Judge, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

Upon a motion for declaratory judgment, the United States District Court for the District of North Dakota entered a final judgment of noninfringement of Bridgeview Manufacturing, Inc.'s U.S. Patent No. 6,375,104 ('104 patent) in favor of Duratech Industries International, Inc.  Because the district court incorrectly construed the critical claim element of the '104 patent as a means-plus-function limitation subject to 35 U.S.C. § 112, paragraph 6, this court vacates and remands.

I

Bridgeview's '104 patent claims equipment that processes baled crop materials such as hay.  The device disclosed in the '104 patent includes a container that receives

crop bales.  The container supports the bale and brings it into contact with a "manipulator."  The manipulator has rotating rollers which turn the bale above a simultaneously rotating "disintegrator."  The "disintegrator," which shreds the bale, ejects it out of a door.  Thus, the entire device facilitates effective shredding of hay and other baled materials.  Claim 1 of the '104 patent states:

> A crop material processor for disintegrating baled crop material comprising:
>
> a container for receiving and containing the crop material, the container having a bottom, a front wall, a back wall, a left side wall and a right side wall;
>
> a disintegrator having a roller positioned along the length of the container, wherein the disintegrator roller is adapted to rotate in a clockwise direction;
>
> a manipulator mounted inside the container for driving the crop material into the disintegrator;
>
> a discharge opening at the bottom of the right side wall to discharge material from the right side of the processor; and
>
> a rotation converter having an input for connection to a power source rotating in counter-clockwise direction and an output connected to the disintegrator roller to provide the clockwise direction of rotation to the disintegrator roller which discharges the disintegrated crop material through the discharge opening at the right side of the processor.

'104 patent, Col. 10, ll. 39-40 (emphasis added).

Duratech, who manufactures its own crop material processor, brought suit against Bridgeview for a declaration that its devices do not infringe the claims of Bridgeview's '104 patent.  Before the district court, the "manipulator" claim element was the only disputed claim limitation.  Duratech argued that the term should be construed as a means-plus-function limitation under 35 U.S.C. § 112, paragraph 6, whereas Bridgeview argued that the term is better understood as connoting structure, and not subject to means-plus-function treatment.

The district court sided with Duratech, construing the term as a means-plus-function limitation. The parties entered into a stipulation of summary judgment of noninfringement, on the basis that Duratech's accused devices lack the "manipulator" claim limitation when the term is construed in the manner determined by the district court. The district court then entered final judgment of noninfringement in favor of Duratech. Bridgeview now appeals that claim construction. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

II

Claim construction is a question of law reviewed without deference. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454-56 (Fed. Cir. 1998) (en banc). This court determines the ordinary and customary meaning of claim terms as understood by a person of ordinary skill in the art at the time of the invention, using the methodology expounded in Phillips v. AWH Corp., 415 F.3d 1303, 1312-19 (Fed. Cir. 2005) (en banc).

A patentee's use of the word "means" in a claim limitation creates a presumption that 35 U.S.C. § 112 paragraph 6 applies. TriMed, Inc. v. Stryker Corp., 514 F.3d 1256, 1259 (Fed. Cir. 2008). Conversely, a claim term without the word "means" suggests that § 112, paragraph 6 does not apply. See Personalized Media Communs., L.L.C. v. ITC, 161 F.3d 696, 703-04 (Fed. Cir. 1998). This court has consistently held that "[m]eans-plus-function claiming applies only to purely functional limitations that do not provide the structure that performs the recited function." Phillips, 415 F.3d at 1311. Further, "[i]n considering whether a claim term recites sufficient structure to avoid application of section 112 P 6, we have not required the claim term to denote a specific

structure. Instead, we have held that it is sufficient if the claim term is used in common parlance or by persons of skill in the pertinent art to designate structure, even if the term covers a broad class of structures and even if the term identifies the structures by their function." Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1359-60 (Fed. Cir. 2004).

The absence of "means" language in the disputed claim term "manipulator" entitles Bridgeview to a presumption that means-plus-function treatment does not apply. This presumption "is a strong one that is not readily overcome." Id. at 1358. Thus, this court looks to whether the term "manipulator" is one which does not recite "sufficiently definite structure." Id.

The ordinary meaning of the term suggests that "manipulator" is a noun whose meaning connotes sufficient structure. "Manipulator" is not a generic structural term of the ilk of such placeholder terms as "mechanism," "device," or "element," whose meaning requires illumination from the specification. No doubt, the term "manipulator" does not conjure up any one specific structure. However, it does convey to one of skill in the art a certain genus of structures known as "manipulators." Bridgeview presented evidence that practitioners within the mechanical arts field frequently use the term "manipulator" to define structure coupled with functions, pointing out several prior art device patents in which the term is used in claims without being coupled to the word "means." Tellingly, Duratech's own expert opined that "a manipulator performing nearly identical functions is shown in the prior art," implicitly evidencing his understanding of "manipulator" as a word whose meaning is not purely functional.

This court's precedent is clear that "the fact that a particular mechanism . . . is defined in functional terms is not sufficient to convert a claim element containing that term into a 'means for performing a specified function.'" Greenberg v. Ethicon Endo-Surgery, 91 F.3d 1580, 1582 (Fed. Cir. 1996). As this court noted in Greenberg, many devices take their names from the functions they perform, such as filters, brakes, locks, and clamps. Id. Similarly, simply because claim 1's "manipulator" takes its name from the verb "manipulate," this does not compel the application of § 112, paragraph 6.

This court has also looked to dictionary definitions to discern whether a disputed term is recognized as a noun denoting structure. See Greenberg v. Ethicon Endo-Surgery, Inc., 91 F.3d 1580, 1583 (Fed. Cir. 1996) ("Dictionary definitions make clear that the noun 'detent' denotes a type of device with a generally understood meaning in the mechanical arts, even though the definitions are expressed in functional terms."); Lighting World, 382 F.3d at 1361 ("Dictionary definitions in this case disclose that the term 'connector' has a reasonably well-understood meaning as a name for structure."). In the instant case, dictionaries readily identify that a "manipulator" falls into a specific category of structural devices. For example, Random House Unabridged Dictionary (1997) defines "manipulator" as a "mechanical device for the remote handling of objects or materials in conditions not permitting the immediate presence of workers." Further, Oxford English Dictionary (2008) defines the term generally as "a device used for or in the manipulation of something" and then provides auxiliary definitions for specific types of manipulators, including: "the transmitter of a dial telegraph," "device for massaging or pummelling the body of a bedridden person, as a substitute for exercise," "an instrument used to teach deaf people how to articulate sounds," and "a mechanical device for

handling radioactive or hazardous material, operated by remote control from behind a protective shield." This court has clarified in Phillips that dictionaries often lack the specific context relevant to the legal and technical art of claim drafting and interpretation. See Philips, 415 F.3d at 1321. With that limitation on dictionary usages in mind, this court notes that these particular definitions bolster the conclusion that "manipulator" is not a mere "nonce word or a verbal construct," Lighting World, 382 F.3d at 1360, but instead a noun connoting sufficient structure.

Duratech assigns great weight to many references in the specification in which the inventor describes "manipulation means," "means for manipulating," or a "support and manipulation mechanism." This, however, ignores the fact that the '104 patent uses the word "manipulator" numerous times in a manner that connotes structure. For example, "[a]ny number of manipulator rollers are possible, however, the disintegrator is located between and below two of the manipulator rollers," '104 patent, Col. 1, ll. 31-34; "Often, the result of this impeded rotation is that the teeth of the manipulator rollers tend to break the crop material bale apart . . ." Id., Col. 2, ll. 23-25; "the manipulator rollers 26 would continue to be rotatable in either direction, though clockwise would be their preferred direction of rotation," Id., Col. 6, ll. 22-24. These references in the specification further support a conclusion that this record does not contain enough evidence to rebut the strong presumption against means-plus-function treatment.

Duratech further argues that means-plus-function treatment is appropriate here since Bridgeview, during prosecution, added the functional language "for driving the crop material into the disintegrator" to claim 1's "manipulator" in order to obtain allowance over the prior art. To the contrary, the '104 patent's prosecution history does

not carry such a preclusive meaning. Bridgeview's arguments to the Patent Office in the amendment which added the functional language served only to distinguish the "disintegrator" and "discharge opening" elements of claim 1 from a prior art Canadian reference. Nowhere in the file history did Bridgeview argue that the addition of functional language to the manipulator claim element distinguished the '104 invention from the Canadian reference. This court does not see any reason to limit the meaning of "manipulator" based on an unrelated amendment.

Thus, this court finds nothing to rebut the strong presumption against the application of means-plus-function treatment to the "manipulator" claim term.

III

In view of the intrinsic and extrinsic record, the district court erred in construing claim 1's manipulator limitation as a means-plus-function element. Manipulator, as used in the '104 patent, is not a purely functional placeholder whose structure is filled in by the specification. Accordingly, this court vacates and remands the district court's claim construction for further proceedings.

VACATED-AND-REMANDED